UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT 3 1 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Deborah Diane Fletcher, ) | |
| ) | |
| Plaintiff, ) | Case: 1:16-cv-02168 |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 10/31/2016 |
| ) | Description: Pro Se Gen. Civil |
| Friendship Arms *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

MEMORANDUM OPINION

This matter is before the Court on the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff lists her address as Washington, D.C. She sues the resident manager of what appears to be an apartment complex in Hyattsville, Maryland, and the resident manager of a complex in Miami, Florida. Plaintiff seeks the return of her security deposit amounting to $205 and $586, respectively. Plaintiff also seeks $5 million from each defendant "for what [she] underwent while living on their property," Compl. at 3, but the disturbing allegations about her

1

living conditions pertain only to the Maryland property. Plaintiff alleges that she moved into the Maryland location on September 19, 2012, and moved out on October 4, 2014, during which time she allegedly faced "many break-ins." Compl. at 2. Plaintiff also states as a reason for moving: "drug-up (with many that she could not see) with the needles that strick [sic] her and rape her as she sat." *Id.* (parenthesis in original).

Plaintiff has not stated the basis of federal court jurisdiction. The complaint does not present a federal question to come within this Court's original jurisdiction conferred by 28 U.S.C. § 1331. And although the complaint satisfies the citizenship requirement for proceeding in diversity under § 1332, the factual allegations fail to state a plausible claim to satisfy the threshold jurisdictional amount. "For a court to reject the amount [in controversy] claimed by the plaintiff, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Info. Strategies, Inc. v. Dumosch*, 13 F. Supp. 3d 135, 140-41 (D.D.C. 2014) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *see accord Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 97-98 (D.D.C. 2014) ("To dismiss for failure to plead amount in controversy, the court must be able to say, after crediting all of the plaintiff's factual allegations . . . that a verdict in excess of the jurisdiction minimum . . . would have to be set aside as a matter of law.") (citations and internal quotation marks omitted; ellipses in original)).

When considering diversity jurisdiction, "the federal courts must defer to state law, or in this case the law of the District of Columbia, in order to determine the nature and extent of the right plaintiff is seeking to enforce." *Fed. Fire Prot. Corp. v. J.A. Jones/Tompkins Builders, Inc.*, 267 F. Supp. 2d 87, 90 (D.D.C. 2003) (citations omitted). Plaintiff has not asserted a basis of liability. To the extent that the complaint is based on a breach of contract, plaintiff's success

would entitle her to actual damages only since she has pled no facts establishing intentional acts on the part of the named defendants to recover punitive damages. *See Calvetti v. Antcliff*, 346 F. Supp. 2d 92, 108 (D.D.C. 2004) ("Under District of Columbia law, punitive damages are normally available only in actions arising from intentional torts."); *Fed. Fire Prot. Corp.*, 267 F. Supp. 2d at 91 ("Where the basis of the complaint is a breach of contract, it is the general rule in the District of Columbia that punitive damages are not recoverable, even if it is proved that the breach was willful, wanton, or malicious[.]") (citations and internal quotation marks omitted)).

Based on the complaint as pleaded, the Court can safely conclude to a legal certainty that the plaintiff's claim is for an amount well below the $75,000 threshold for exercising diversity jurisdiction, and no federal question is presented. Hence, this case will be dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

Date: October 28, 2016